## Case No. 7,208.

### In re JANEWAY.

[4 N. B. R. 100 (Quarto, 26); [1] 18 Pittsb. Leg. J. 67; 4 Brewst. 250.]

District Court, D. New Jersey. Oct. 18, 1870.

NIXON, District Judge. Application is made to the court on behalf of Mary Ann and Margaret Cool, creditors of John L. Janeway, bankrupt, for a rule to show cause why the assignee should not pay in full to these creditors, out of the assets of the bankrupt's estate, the sum of about two thousand five hundred dollars, which the said Janeway received of them in trust for investment, before his bankruptcy, but which he failed to invest, either in their names or in his own name, for their benefit. The evidences of his indebtedness, as well as the character of the debt, are found in three several memoranda given by the bankrupt to these creditors, as follows:

"Flemington, March 1, 1869. Received from Mary Ann and Margaret Cool, four hundred dollars and fifty-eight cents, to be invested for them. John L. Janeway."

[1] [Reprinted from 4 N. B. R. 100 (Quarto 26), by permission.]

"Flemington, April 2, 1869. I have in my hands fourteen hundred and ninety-five dollars and eighty cents, of Mary Ann and Margaret Cool, which I hold to invest for them. John L. Janeway."

"Flemington, June 7, 1869. Due Mary Ann and Margaret Cool, four hundred and thirteen dollars, which I hold to invest for them. John L. Janeway."

It is claimed, on the part of the creditors applying for the rule, that these sums were not a loan to the bankrupt, but a deposit in his hands as trustee, and that they are entitled to be paid in full from the assets in the hands of the assignee, under the clause of the 14th section of the bankrupt act, which provides that no property held by the bankrupt in trust shall pass by the assignment. It is not pretended that the money deposited with the bankrupt for investment can be identified. It is assumed that it has gone into his general estate, and that the trustee, instead of making the promised investment, has used it in his speculations.

The principles which govern the case here presented are too well settled to be disturbed. It is true that no trust property is allowed to pass by the commission of bankruptcy from the bankrupt to the assignee; but it must be property that can be followed or distinguished. There must be some ear mark by which it can be recognized. As, for instance, where goods are sent to a factor to be disposed of, and the factor becomes a bankrupt, and the goods, yet in his possession, can be distinguished from the general mass of his property, the principal may recover them in specie, and is not obliged to prove his debt under the commission; and, even where the bankrupt has sold the goods, if he has kept the money received in the sale, in separate bags, the principal has been permitted to claim and hold the money against the assignee.

The supreme court of New York, in Kip v. Bank of New York, 10 Johns. 65, went a step further, and held, that where the trust property had been sold, and the money deposited in bank in the individual name of one of the trustees, but kept separate from his other property, there was not such a blending of the proceeds of the sale with the private effects of the bankrupt, as to deprive the cestui que trust of his right to the same, against the claim of the creditors at large. To bring the present case within these principles, it will be necessary for the applying creditors to point out the specific assets in the hands of the assignee, which is their property, and which they propose to appropriate to the payment of their claims; until this is done, the court feels constrained to adopt the rule as laid down by Hill, in his work on Trustees, to wit: "Where the trust property does not remain in specie, but has been made way with by the trustee, the cestui que trusts have no longer any specific remedy against any part of his estate in his bankruptcy or insol-

vency, but they must come in pari passu with the other creditors, and prove against the trustee's estate for the amount due them." The application must be denied.